THE RECTOR, WARDENS AND VESTRYMEN OF THE CHURCH OF THE HOLY COMMUNION, PLAINTIFFS IN ERROR, v. THE PATERSON EXTENSION RAILROAD COMPANY AND THE NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANTS IN ERROR.

Submitted March 20, 1899—Decided June 12, 1899.

1. In 1881 a railroad excavation disturbed the foundation of an adjacent church edifice. An agreement of settlement for damages was made between representatives of the church and the railroad company. On January 9th, 1882, on payment of $1,000, the church treasurer gave to the president of the railroad company a writing acknowledging receipt of that sum "in full settlement and discharge of all damages done by Railroad Co. against our church," adding, "Railroad Co. to pay for all work in process." The company afterwards paid for all work then in progress. In an action begun in 1891 to recover damages for the injury due to the excavation—*Held*—

1. That the writing was a complete acquittance of all claim for damages by reason of the excavation.

2. That it was not competent to prove that, before or at the time of the delivery of the writing, the railroad company made an oral agreement to restore and secure the foundation of the church edifice.

3. That any cause of action of the plaintiff was barred by the statute of limitations.

2. Under the constitution (article 4, section 7, paragraph 4), "An act to regulate party walls," approved February 22d, 1871 (*Gen. Stat.*, p. 2443), is only operative as to walls within its title.

On error to Passaic Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiffs in error, *Francis Scott.*

For the defendants in error, *John W. Griggs.*

The opinion of the court was delivered by

COLLINS, J. Error is assigned upon an exception, sealed on direction of a verdict in favor of the defendants, in an action brought to recover damages for injury to the church edifice of the plaintiffs, due to the excavation of a railroad cut adjacent thereto. The declaration counts on a breach of duty to support the church wall and also on negligence and fraud in performing a verbal agreement to repair the injury. The proof was silent as to who actually constructed the railroad, but it was contracted for by the Paterson Extension Railroad Company, which, pending construction, was, with other companies, consolidated into the New York, Susquehanna and Western Railroad Company. The excavation in question was made during the year 1881. The south wall of the plaintiffs' church edifice stood so near to this excavation that it became unstable. The building settled and was very considerably injured. Claim for compensation to the church was made on the railroad company and a settlement was reached involving a money payment, for which the following receipt was given :

"Jan. 9, 1882.

"Received from G. A. Hobart Pt. Pat. Extension one thousand dollars in full settlement and discharge of all damages done by Rail Road Co. against our church. Rail Road Co. to pay for all work in process.

"$1,000. H. A. COLLINS, *Treas.*"

The railroad company afterwards paid for all work then in progress.

The learned judge who tried the cause directed a verdict for the defendants on the ground that this receipt was a conclusive acquittance.   That he was right in so ruling seems well settled.   A leading case on the subject is *Squires* v. *Amherst,* 145 *Mass.* 192.   There the receipt read as follows :

" Received of F. L. Stone for the town of Amherst, ten dollars in full for all demands for damages sustained on the highway near the house of Alden Cooley on the evening of December 31st, 1885."

The court held that this writing was not merely a receipt but was also an agreement that the money was received in full payment of all demands for damages sustained by reason of the defect in the highway, and that it could not be varied or controlled by evidence of an oral agreement made contemporaneously with it and inconsistent with its terms. Counsel for the plaintiffs does not dispute the doctrine of this and like decisions, but he draws a distinction from the clause requiring the railroad company to pay for "all work in process."   He argues that this clause shows that the receipt was not intended to embody the whole of the agreement between the parties.   I think such clause strongly evidential to the contrary of that contention.   What work was in fact proceeding could be proved by parol, but nothing further. What is claimed by the plaintiffs is that the verbal agreement extended to an undertaking to make the foundation secure, and was broken by an inefficient or fraudulent performance of that work.   Our decisions are uniform and explicit that the sole criterion of the completeness of a writing to express the agreement of the parties is the writing itself, and that no collateral oral agreement is admissible in evidence unless it relates to some subject distinct from that to which the written agreement relates.   *Naumberg* v. *Young,* 15 *Vroom* 331 ; *Snowhill* v. *Reed,* 20 *Id.* 292.; *Bandholz* v. *Judge,* 33 *Id.* 526.

The agreement asserted in this case was to restore and make secure the foundation of the church edifice that had been disturbed by the railroad company's excavation.   It is plain that such an agreement would not have been collateral to that

evidenced by the writing, for it must have been directly on the subject covered thereby. The only remedy for the plaintiffs was to reform the written agreement. *Van Horn* v. *Van Horn,* 4 *Dick. Ch. Rep.* 327. As the plaintiffs have never repudiated the written agreement and retain the consideration on which it was based, no question of the authority of the church treasurer to make the agreement can be entertained. It was proved that the railroad company did some foundation work, but such work, if not fairly within the agreement, must be held to have been voluntary, as must also a small payment in 1886 for repairs to the church, then recently made.

The receipt was a complete bar to recovery, but there was also another defence set up by plea of the statute of limitations. The cause of action, if any, certainly accrued as early as 1882. The suit was not brought until 1891. The bar of the statute is denied on the claim that the defendants' duty was itself statutory. If this claim were well founded it would avoid the bar (*Jersey City* v. *Sackett,* 15 *Vroom* 428), but such is not the case. The statute relied on is an act approved February 22d, 1871 (*Gen. Stat., p.* 2443), which reads as follows :

"An act to regulate party walls.

" 1. That whenever excavations hereafter commenced, for building or other purposes, on any lot or piece of land, shall be intended to be carried to the depth of more than eight feet below the curb or grade of the street, and there shall be any party or other wall, wholly or partly on adjoining land, and standing upon or near the boundary lines of such lot, the person causing such excavation to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times, from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced."

The railroad excavation was within the terms of this

statute, but not within its title. A party wall is one in which there is community of use. The wall disturbed by the excavation for the railroad was not such. Under the constitution (article 4, section 7, paragraph 4) the act is operative only as to party walls.

The only possible legal claim of the plaintiffs against the defendants must have been on some common law liability. Any agreement not based on such a liability was without consideration. The plaintiffs' cause of action, if resting ultimately on a common law liability, was, of course, barred by the statute of limitations before this suit was brought. Fraudulent concealment of a failure to perform the alleged agreement was claimed, but not proved. Its existence would afford no relief against the statute in an action of law. *Somerset* v. *Veghte,* 15 *Vroom* 509.

It is not intended to imply that any common law liability existed. If not done maliciously or negligently, any reasonable excavation on land may be made by the owner without protecting his neighbor's building. *McGuire* v. *Grant,* 1 *Dutcher* 356. Notice of the intended excavation may be requisite if the building is to be endangered (*Schultz* v. *Byers,* 24 *Vroom* 442; 10 *Am. & Eng. Encycl. L.* 850, *note* 1), but the plaintiffs' claim was not rested on lack of notice. If, as in this case seems to have been the fact, the work is done by an independent contractor, he only is responsible for negligence in its performance. *McGuire* v. *Grant, ubi supra; Cuff* v. *Newark and New York Railroad Co.,* 6 *Vroom* 1.

The judgment of the Circuit Court is affirmed.