## COON *against* KNAP.

An instrument in writing acknowledging the receipt of a sum of money in full for damages sustained by the party signing it in consequence of an injury received from the person paying it, is not a simple receipt which can be explained or varied by parol evidence.

It is in the nature of a release, and in evidence of a satisfaction of the claim of the person making it, and unless shown to have been obtained by fraud bars it.

The cases of *Egleston* v. *Knickerbocker*, 6 *Barb.* 458 *and* *White* v. *Parker*, 8 *Barb.* 48, compared.

The plaintiff in this action and her sister were passen gers in a stage coach owned by the defendants, who used it for the carriage of passengers for hire between Bridgewater and New Berlin. On the 13th of June, 1849, while passing from Bridgewater towards New Berlin, it was carelessly overturned and the plaintiff's leg was badly broken and her side injured. On the 11th of July thereafter, the defendant called at the plaintiff's residence and inquired of the two sisters what the damages were. Their father, who was present, replied that "if she got right along, he

·thought the damages then would be $40." The defendant said he did not think they would be more than $15 or $20, and wanted to know if they would settle for $40. The plaintiff replied that if she got well so that she could walk in three months from the time of the hurt, she would be satisfied with it; if not she would not. The defendant then paid her $40, and drew a receipt and read it to the two sisters. It was as follows:

" Rec'd, Brookfield, July 11th, 1849, of Wm. ,D. Knap, · $40, in full, for damages done to us by the stage accident of the 13th of June last."

The plaintiff told the defendant that she would not take the $40 in full, unless she got able to walk.in three months, but consented that her sister might write her name to the receipt, and she wrote the names of both. The sister understood it to be a receipt in full up to the time it was given.

The injury proving to be a more serious one than it was supposed to be, and the plaintiff not recovering from it so as to be able to walk, she brought her action against the defendant for her damages. The defendant pleaded the payment of the $40 and the receipt as a satisfaction of her claim. The cause was tried at Madison circuit in December, 1850, before Mr. Justice MASON. He charged the jury " that the receipt of the plaintiff to the defendant for the damages for the injury complained of, upon its face constituted a perfect defence to this action, and should be so held by the jury unless the plaintiff had succeeded in showing by his parol evidence that there was a condition annexed to said receipt which does not appear in the receipt itself: that the plaintiff claims that she has shown by her evidence in the case that this receipt was given to the defendant upon the express parol agreement and understanding that it should not be considered a full satisfaction unless the plaintiff got well in three months; or, in other

words, that the defendant agreed with the plaintiff at the time of the alleged settlement, and of the giving of that receipt, that if she, plaintiff, would thus settle her claim for damages, and give the defendant such a receipt, that it should not be deemed a settlement in full for plaintiff's damages, unless plaintiff got well in three months, but only considered so much money received by plaintiff of defendant towards her damages for the alleged injury. If the jury should find that this receipt was thus given upon such conditional settlement or agreement, then the said receipt does not bar the plaintiff's action, and the jury should only deduct the amount received, from the plaintiff's claim of damages, and if they find that the plaintiff is entitled to recover, the rule of damages applicable to the case is the actual damages which the plaintiff has sustained."

The jury thereupon found a verdict for the plaintiff for $340. The questions arising upon the validity of the receipt as a bar to the action was reserved by the justice for consideration, and he subsequently gave judgment thereon for the plaintiff. Upon appeal this was affirmed at a general term of the supreme court in the fifth judicial district.

The defendant appealed to this court.

*Southward* and *Pritchard*, for appellants.

*J. B. Eldredge*, for respondents.

WILLARD, J. The plaintiff after receiving her injury gave the defendant a receipt in these words: "Rec'd, Brookfield, July 11, 1849, of Wm. D. Knap, forty dollars in full for damage done to us by the stage accident on the 18th June last;" signed by plaintiff, and the judge at the circuit held that this receipt constituted a bar to the action, and should be so held by the jury, unless the plaintiff has shown by parol evidence that there was a condition annexed to the receipt which did not appear in the receipt itself. The jury found there was such a condition, and gave a verdict for

the plaintiff for $340. The only point I shall consider is whether it was admissible to show by parol evidence, that the receipt was given upon a condition not expressed in it, and thus get rid of its effect. A majority of the supreme court in the fifth district held such evidence admissible, and affirmed the judgment of the circuit court. In my opinion the evidence was inadmissible and should have been excluded.

The supreme court of the fourth district in *Egleston* v. *Knickerbocker*, (6 *Barbour*, 458,) gave to this subject an elaborate examination. We held to the general rule that parol evidence is inadmissible to contradict or explain a written agreement. We showed that a receipt is so far an exception to this rule, that it may be explained *as to the consideration part*, when the explanation is not contradictory to, but consistent with the instrument. We held, also, that a receipt absolute in its terms can not be shown by parol evidence to be upon a condition, except on a proceeding to reform the instrument for fraud or mistake. And we observed that when a receipt was in the nature of a contract, it fell within the general rule applicable to contracts. If that decision be law, the judgment under review was erroneous and should be reversed. The leading cases are reviewed in Egleston v. Knickerbocker, *supra*; and the whole subject is fully considered in *Dart on Venders*, 451, *and notes*, where various other cases to the same effect are cited. (See *Houstin* v. *Shindler*, 11 *Barb*. 36, *as to explaining Receipts*.)

Justice PRATT, who gave the prevailing opinion in this case, disregards the opinion of the court of the fourth district in *Egleston* v. *Knickerbocker*. He admits that the opinion might create some little embarrassment, had it not been overruled by the supreme court in the eighth district in *White* v. *Parker*, (8 *Barbour*, 48.) With deference be it said, Justice Pratt has misrepresented the opinion in Eglestone v. Knickerbocker, and is wholly mistaken when he says that the opinion of Mullet, J., in *White* v. *Parker* is at

variance with that of Willard, J., in *Egleston* v. *Knicker-bocker*. The two are in strict harmony with each other. When the case of *White* v. *Parker* was decided, that of *Egleston* v. *Knickerbocker* was not reported, and of course it is not referred to by Judge Mullet. It will be seen by looking at Judge Mullet's opinion (8 *Barbour*, 69,) that the explanatory evidence which he held admissible, was to show that though the receipt purported to be for $354.83, in meaning it was in truth given *for land contracts*. The explanation related to the consideration, and is precisely such a one as the supreme court in the fourth district held admissible in *Egleston* v. *Knickerbocker*. In the present case, had the plaintiff proposed to show that the forty dollars paid her, instead of being gold and silver, was a counterfeit note, it would have been competent, (*Houstin* v. *Shindler*, 11 *Barb.* 36.) The opinion of Nelson, J. in *Kellogg* v. *Richards*, (14 *Wend.* 118, 119,) lays down the rule in substance like that advanced in *Egleston* v. *Knickerbocker, supra.*

It is possible that the defendant obtained the advantage of the plaintiff in the settlement for her damages; but she can not be relieved in this way without unsettling principles which have long been firmly established.

The jury were not asked to inquire whether the receipt was obtained by fraud, or that the plaintiff gave it under any mistake or misapprehension of her rights. They were simply instructed to inquire whether a parol condition was made not appearing in the receipt. This, in my judgment, was wrong. The sympathy which the jury could not fail to find for the plaintiff, a young lady, in her misfortune, should not influence the court to pervert the law for her advantage.

The judgment of the supreme court and of the circuit court should be reversed, and a new trial ordered with costs to abide the event.

TAGGART, J. I have tried faithfully to find some ground

Coon *against* Knap.

for sustaining the judgment in this case, but can not satisfy myself that it can be sustained without violating one of the most essential elementary principles. This is not an ordinary receipt given on payment of a sum of money which is allowed to be explained by showing by parol that certain matters were not included in the receipt or intended to be discharged thereby. I have but little doubt myself that the defendant drew the receipt with the design basely and dishonestly to entrap the plaintiff into signing a paper, the purport of which she did not understand: that she placed implicit confidence in the defendant, and neither examined or appreciated the true character or effect of the receipt given: that she did not intend to give other than a partial discharge and has, without knowing the meaning of the terms of the receipt, given a full discharge of all damages against the defendant.

The instrument in question in this action is evidence of a compromise or settlement of the damages occasioned by the accident. It is not, technically, a receipt for money on account, which may be explained by parol, by showing that some particular item was not intended to be included. It was in full for damages occasioned by a particular transaction. It is in effect a release of the defendant from all liability occasioned by that transaction. This subject has been so elaborately discussed in various decisions that I deem it unnecessary to go fully into a consideration of the authorities. The case of *Kellogg* v. *Richards*, (14 *Wend.* 116,) is much like this. The receipt in that case was as follows: " Received of Richards & Sherman, S. H. Addington's note, dated July 30, 1828, payable four months from date, for $431·40, as a compromise for the full amount of the note." The amount of the note referred to was $1629·44 The court decided that the paper was more than a simple receipt, it was an agreement of compromise, by which the plaintiff agreed to take Addington's note for $431·40, as a compromise for the full payment of defendant's note, and being made bona fide and without fraud, could not be con-

tradicted by parol, while the court recognized the rule laid down in 1 *John. Cases*, and numerous other authorities, that a receipt is not conclusive but may always be inquired into.

The receipt in this case although not expressed to be upon a compromise, clearly *was* so upon its face. It is, therefore, in the nature of a contract, and is so far within the general rule that it is not liable to be varied by parol evidence.

All the judges excepting MASON, J., concurring.

Judgment reversed and new trial ordered