EMORY A. SQUIRES *vs.* INHABITANTS OF AMHERST.

Hampshire.    Sept. 20. — Oct. 21, 1887.    C. ALLEN & HOLMES, JJ.,
                                    absent.

A written instrument, given to a selectman of a town by a person who has been
   injured in his person and property by reason of a defect in a highway in the
   town, and reciting the receipt from such selectman, for the town, of a certain
   sum "in full for all demands for damages sustained on the highway," is a bar to
   an action by such person against the town for his personal injuries; and oral
   evidence is inadmissible, in the absence of fraud, to show that he understood
   the sum paid as intended in settlement of the damage to his property only, and
   that it was agreed between him and the selectman that, if it appeared that he
   had been injured in his person, he should be paid something more.

TORT for personal injuries occasioned to the plaintiff by a
defect in a highway in Amherst.    Answer: 1. A general denial.
2. Accord and satisfaction.    Trial in the Superior Court, before
*Knowlton,* J., who allowed a bill of exceptions, in substance as
follows:

The plaintiff testified that he received personal injuries, and
that damage was done to his horse, wagon, and harness, on the
evening of December 31, 1885, by the horse and wagon going off
the end of a culvert, by reason of the lack of a railing on a way
in the defendant town, which it was bound to keep in repair.

On cross-examination, the plaintiff testified that, the morning
after the injury, he went to see one Stone, who was a selectman
of Amherst, about the accident; that they went together to the
place where the accident occurred; that Stone said to the plain-
tiff, "You want to get your wagon repaired, I suppose, and are
you hurt?" that the plaintiff replied that he felt rather lame
and sore; that Stone said perhaps it was only a cold, and asked
the plaintiff how much he would take to settle; that the plain-
tiff said he would take $50, and make it all even; that Stone
said he should never pay that, as long as the plaintiff was not
injured himself, and it would not take $50 to make the repairs;
that the plaintiff replied that, if he was not injured, he wanted
nothing, except for the repairs : that Stone said he guessed it
was a cold only; that the plaintiff said, if he was not injured,
he would be willing to take that, as he wanted only what was

right of the town; that Stone said, if the plaintiff was injured, he was ready to do what was right; that the plaintiff was to be paid, according to the talk, $10, and if he was injured, was to be paid what was right; that Stone said he would pay more if the plaintiff was injured, wrote the following receipt, and read it, and the plaintiff signed it: " Received of F. L. Stone, for the town of Amherst, ten dollars in full for all demands for damage sustained on the highway near the house of Alden Cooley, on the evening of December 31, 1885." The plaintiff could not say that he read it just as it was written, and could not say that he did not, but it had in it all demands for damages, but nothing about personal injuries, and he did not understand that it covered them.

The plaintiff also testified that he signed it, because Stone agreed to pay him more if he was injured ; that he could read it himself; that Stone estimated what the repairs would cost, and that it would be less than $10 ; that the plaintiff would have something left of the $10 for his trouble, and that he took out $10 from his pocket, and handed it to the plaintiff, who took it; and that the cost of said repairs was in fact about three dollars.

The judge asked the plaintiff's counsel if he contended that there was any fraud in procuring this writing. The plaintiff's counsel replied that he did not, but did contend there was a mistake about the writing; that the minds of the parties did not meet on the proposition that there was a settlement of any claim for personal injuries, or any other than for the property damage ; that there was a distinct understanding and agreement that the plaintiff was to be paid more if he was injured in his person, at the time the writing was signed; and that it did not express the understanding of the plaintiff.

The plaintiff's counsel had stated in his opening that he should ask for damages for personal injuries only. After about five days from the injury, the plaintiff was taken quite sick, as he testified in chief, and suffered much in his back, head, and stomach as a result of his being thrown down the bank, and was disabled for a considerable time.

It was conceded that the town had ratified the act of said Stone as a settlement, at a town meeting, by accepting the selectmen's report describing such settlement.

The plaintiff offered to show by the above testimony, and other evidence of the same kind, and by his own testimony, that he did not understand that he was settling for personal injuries, and that the writing was procured by mistake; and claimed the right to go to the jury on that question, and on the whole case. But the judge ruled that the writing could not be thus controlled, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*W. G. Bassett*, for the plaintiff.

*D. W. Bond*, for the defendant.

FIELD, J. In an action at law in this Commonwealth, the written paper put in evidence by the defendant is regarded not only as a receipt acknowledging the payment of money, but as an agreement that the money is received in full payment of all demands for damages sustained by reason of the defect in the highway complained of; and, so far as the written paper contains an agreement, it cannot be varied or controlled by evidence of an oral agreement made contemporaneously with it, and inconsistent with its terms. *Brown* v. *Cambridge*, 3 Allen, 474. *Curley* v. *Harris*, 11 Allen, 112. *Goss* v. *Ellison*, 136 Mass. 503. *Leddy* v. *Barney*, 139 Mass. 394. *Osborn* v. *Martha's Vineyard Railroad*, 140 Mass. 549.

It was not contended by the plaintiff, at the trial, " that there was any fraud in procuring this writing," which at common law would avoid it, and the plaintiff has not attempted to rescind the agreement by restoring the money he has received. The contention is, that there was a mistake, in this, that the plaintiff understood that the receipt covered only the claim for damages to his property, and did not include the claim for damages to his person, and that there was a distinct agreement between the plaintiff and Stone that the plaintiff should be paid something more if it appeared that he had been injured in his person. The agreement contained in the receipt is unambiguous, and clearly covers all demands for damages, whether to person or property; the oral agreement which the plaintiff offered to prove is plainly inconsistent with the writing, and a mistake or misunderstanding on the part of the plaintiff of the legal import of the written agreement is not a ground for avoiding it at common law.

We need not decide whether the evidence offered would have been competent, if the plaintiff had intended to avail himself of his equitable rights pursuant to the St. of 1883, c. 223, § 14. It does not appear that the evidence was offered, or that the exceptions were taken, with reference to the rights conferred by this statute upon plaintiffs in actions at law.

*Exceptions overruled.*