## ST. LOUIS & S. F. RY. CO. v. DEARBORN.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

### No. 169.

EVIDENCE—PAROL TO VARY WRITING—RELEASE.

Parol evidence that the consideration for a release pleaded in bar of the action was different from that named therein, and that such consideration was never paid, is inadmissible, as being an attempt to vary a written instrument by parol.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action by Charles Dearborn against the St. Louis & San Francisco Railway Company for personal injuries. Plaintiff obtained judgment. Defendant brings error.

This was a suit brought by defendant in error in the district court of the state of Texas in and for Lamar county, by petition filed February 11, 1892, against plaintiff in error to recover damages in the sum of $10,000 for injuries alleged to have been received August 14, 1891, while in defendant's employ as a locomotive engineer. The plaintiff in error (defendant below), among other defenses, specifically pleaded, in bar of the action, that "plaintiff did, on, to wit, September 26, 1891, for a valuable consideration, and under his seal, execute and deliver to defendant his written release as aforesaid, acquitting and discharging and fully releasing defendant from any claim or liability whatsoever accruing to him, or to accrue to him, out of said accident, and that, on the faith of said release, defendant re-employed plaintiff as an engineer, and continued him in its employ, as provided in said release, until he ceased to give satisfaction to defendant, which occurred when, by his negligence subsequent to his re-employment, he was guilty of flattening the wheels of his engine, and other negligence, while at work in the Paris yard of defendant." In response to said plea of release, the plaintiff (defendant in error) replied, in substance, as follows: "That the so-called release or contract set up by defendant in this case is not valid and binding on him, for that it is and was wholly without consideration, and was signed by him under the following circumstances, to wit: From the date that plaintiff received the personal injuries for which he brought this suit he had been suffering great pain, and was unable to labor or do any kind of business; that on or about the 26th day of September, 1891, the defendant, through some of its agents or employés, sent for plaintiff to come to its office at Paris, Texas; that, when he arrived there, one H. C. Moore and one C. E. Boss, who were employés of defendant, told him they wanted him to sign a release, discharging defendant from any liability on account of his injuries for which this suit was brought, stating to him that, as soon as he was able to go to work, it would be better for him to do so, and that the defendant would do what was right about it, and would give him permanent employment, and that if he would sign a release, which was already written and shown to plaintiff, the defendant would give him a check for, and pay him for, all the time he had lost on account of his injuries, which amounted then to one hundred and thirty-four dollars, and would, in addition, pay all expenses that he had incurred at the hospital and at the hotel, and all his doctor bills at Paris, which amounted to something like one hundred dollars more, and that it would also pay him one dollar, which would make the contract legal." The defendant

demurred to said replication on the following, among other, grounds: "Because it seeks to cancel and set aside a written contract, under seal, which is relief of an equitable nature, and cannot be awarded in an action at law; and said defendant specially demurs to all that portion of said pleading setting up that this defendant agreed that if plaintiff would sign said release, that it (defendant) would do what was right about it, and would give him permanent employment, and would give him a check for, and pay him for, all the time he had lost on account of his injuries, and would pay all expenses he had incurred at the hospital and hotel, and all doctor bills, and would pay him one dollar, because the same seeks to vary and change a written contract by parol evidence,"—which demurrers were overruled.

The release referred to is in the following words and figures, to wit:

"Form 715.                              Release.                              5–90–5M.

"Whereas, on and prior to August 14th, 1891, one Chas. Dearborn was an employé of the St. Louis & San Francisco R'y Company, and, as such employé, was engaged as engineer on engine 228, on the Texas division, and whereas, said Chas. Dearborn received certain injuries, as follows, to wit, he was running engine No. 228, when main rod strap bolts broke, and, thinking that engine was going over, he jumped off, breaking his right arm above the elbow, for which said injuries said Chas. Dearborn does not make any, claim of any class or character against said railway company, and admits that his injuries are not the result of any negligence on the part of said railway company: Now, therefore, in consideration of the sum of one dollar ($1.00) in hand paid, and the further consideration of re-employment by said St. Louis & San Francisco Railway for such time only as may be satisfactory to said company, said railway company is hereby released from any and all claims that I, said Chas. Dearborn, claimant herein, ever had against said company, up to date, and especially released from any and all claims arising out of injuries specially set forth herein.

"Given under my hand and seal this 26th day of Sept., 1891.

"[Seal.]      ·                          [Signed]      Chas. Dearborn.

"Witness:
      "C. E. Boss.
      "H. C. Moore."

H. D. McDonald, for plaintiff in error.
V. W. Hale, for defendant in error.

Before PARDEE, Circuit Judge, and TOULMIN, District Judge.

TOULMIN, District Judge (after stating the facts).    In our view of this case, the only assignments of error necessary for us to consider are those which involve the ruling of the court below in reference to the release pleaded and read in evidence by the defendant (now plaintiff in error).    The assignments of error referred to are, in substance, the overruling defendant's demurrer to plaintiff's replication to the plea of release; the overruling defendant's motion to exclude from the jury the plaintiff's testimony to the effect that the defendant agreed to pay plaintiff's hotel and hospital bills, and his lost time, etc., as the consideration for the release; and the refusal of the court to instruct the jury, as requested by the defendant, that the written release precluded any recovery by the plaintiff; and that they should find for the defendant.    The general principle is that contracts or agreements between parties, reduced to writing, deliberately executed or accepted, not bearing any evidence of incompleteness, are presumed to comprise the whole meaning, purposes, and contracts of the parties.    Parol evidence is not admissible to add to, alter, or vary the terms of such a contract.

In equity, if it appears that by fraud or inadvertence or mistake the writing contains more or less than the parties intended, or that it varies from their intention by expressing something materially different, a court of equity will rectify it, and conform it to the true agreement. 1 Greenl. Ev. 275; Bigham v. Bigham, 57 Tex. 240. If, however, one person fraudulently imposes on another, and procures the latter's signature to an instrument he had not agreed to sign, did not know he was signing, and did not intend to execute, this amounts to fraud in the execution of the instrument, which may be proved by parol, and, if satisfactorily established, will justify a finding against the validity of the instrument, and would not be obligatory on the person so signing. Davis v. Snider, 70 Ala. 315; Railway Co. v. Lewis, 19 Am. & Eng. R. Cas. 224. And in such case there must be clear and indubitable evidence of fraud to warrant the submission of the question to the jury. Id. 233, and note; Railroad Co. v. Shay, 82 Pa. St. 198. But such is not the case under consideration. The evidence shows that the plaintiff read the instrument in question, understood its contents, and, after some hesitation, signed it. He deliberately executed it. It bears no evidence of incompleteness, is unambiguous, and he does not pretend in his testimony that it was obtained by fraudulent practices on the part of defendant's agents. He says that they agreed to do certain other and different things for him than those recited in the release as a consideration for it, and which they have not done. There was conflicting evidence on this point, which we deem it unnecessary to notice here. Plaintiff testified as follows on the subject:

"When I signed that release those parties agreed to pay me the one dollar mentioned in the release. They were to pay me for the time I lost, and my hotel and hospital bills, in the same check. The check never came. I paid the hospital bill myself; I think it was $10. I paid a hotel bill, which averaged about $1 a day while I was laid off. They have never offered me the check or the one dollar. When I signed that release, I intended to carry out its provisions in good faith; but I broke it because the company discharged me, and never paid me what they had promised to pay. At the time I signed that release, I was advised by my attorney that I had a good cause of action. I concluded to sign the release, get my pay, and go back to work. Defendant has wholly failed to carry out any part of that agreement. I thought that, if I got reinstated, there was nothing in that release that would damage me as long as I was paid for my work. I admitted in the release that it did not result from the negligence of the company, but I was told that was a matter of form. I at first refused to sign the release, and asked Mr. Boss about the dollar; he said that was to make it legal. I says, 'What about those other bills?' He said, 'You will get a check all right; that is only a matter of form.' Mr. Boss and Dr. Dailey told me the company would pay my hotel, doctor's, and hospital bills. I thought when I signed that release, and got my pay, that the matter would be settled. I signed the printed form, and did not ask that any change be made in it. I signed it in good faith."

He thus seeks to alter, vary, or add to his written agreement by parol evidence. This he cannot do. There is a distinction between a representation of an existing fact which is untrue, and a promise to do, or not to do, something in the future. In order to avoid a contract, the former must be relied on. The plaintiff does not

pretend that there was any representation of an existing fact which was untrue, but the claim is that there was a promise to do something in the future. Bigham v. Bigham, supra. Our opinion is that the release was an effectual bar to this action, and that the trial court erred in its several rulings in reference thereto. Reversed and remanded