## JOHN VAUGHAN *vs.* I. B. MASON & SONS.

### PROVIDENCE—NOVEMBER 25, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Receipts. Contracts. Varying Written Instrument by Parol.*

Where a receipt, in addition to the acknowledgment of the payment of money, embodies an agreement as well, then, in so far as it contains an agreement, it cannot be varied or controlled by parol evidence and is not open to explanation unless for uncertainty or ambiguity in its terms.

Plaintiff having been injured while in employ of defendant, as he claimed through their negligence, received a certain sum from defendant and gave the following receipt: "Received of A. B. six and $\frac{50}{100}$ dollars in full settlement for damages sustained by falling into ice-pit at Canal street:"—

*Held*, that the receipt was plain and unambiguous, covering and including all damages arising out of the claim in suit, and was not subject to any explanation.

(2) *Release. Seals.*

No set form of words is essential to constitute a release, nor need it, either at common law or under Gen. Laws cap. 202, § 12, be under seal.

TRESPASS ON THE CASE for negligence. Heard on petition

of defendant for new trial, and judgment ordered to be entered for defendant.

TILLINGHAST, J.   This is an action of trespass on the case for negligence. At the trial of the case in the Common Pleas Division the plaintiff recovered a verdict for the sum of $175, and the case is now before us on the defendants' petition for a new trial on the grounds of certain alleged erroneous rulings of the trial court and that the verdict was against the evidence.

(1)   One of the rulings complained of was that the court permitted evidence to be admitted explanatory of a certain receipt which was offered in evidence by the defendants, and as to the legal effect of said receipt. As we are of the opinion that this ruling was erroneous, and that in view of the receipt in question the plaintiff is precluded from maintaining the action, we will only consider the rulings relating thereto.

It appeared in evidence that the plaintiff, while in the defendants' employ, received certain injury by falling into an ice-pit, which injury, he claimed, was caused by the negligence of the defendants in not furnishing him with a reasonably safe place in which to do his work. Sometime after receiving the injury, and after some talk with the defendants as to whether the accident was caused by their negligence or by the plaintiff's own carelessness, and after some further talk as to a doctor's bill incurred by the plaintiff in connection with his injury and whether the defendants should pay said bill, the defendants decided that, rather than have any trouble with the plaintiff in the matter, they had better pay a part of the doctor's bill presented by plaintiff, and so they agreed to pay one-half thereof, namely, $6.50, which they then and there did. The plaintiff received that sum from the defendants, and gave them the following receipt, viz.:

"$6.50.                PROVIDENCE, R. I., August 15, 1898.

"Received of I. B. Mason & Sons, Six and 50/100 dollars in full settlement for damages sustained by falling into ice-pit at Canal St.                "JOHN VAUGHAN."

The court permitted the plaintiff to explain this receipt, and to testify that when he received the money specified therein he did not understand that it was in settlement of his claim against the defendants on account of the injury received, as aforesaid, but that it was simply on account of his doctor's bill. The defendants' counsel duly excepted to the admission of this testimony.

This ruling was erroneous. The receipt is plain and unambiguous, and hence there was no occasion for any explanation to be given concerning the same. The plaintiff had fallen into an ice-pit belonging to defendants while doing work for them, and he claimed that the accident was caused by their negligence in leaving the trap-door of said ice-pit open, and hence that they were liable for the damages sustained by him. This was the only claim which he had against them, and this is the sole basis upon which his declaration is founded.

The receipt in question expressly covers and includes all such damages; it is not apparent from an inspection thereof that it does not embrace the entire contract, and we think it is clear that the plaintiff is thereby barred from maintaining any action which otherwise might be founded on the accident aforesaid.

That an ordinary receipt, given on payment of a sum of money, is only *prima facie* evidence of the fact recited and may therefore be explained or contradicted by parol is doubtless the law. *Goodwin* v. *Goodwin*, 59 N. H. 550. Such a paper does not constitute a contract or agreement in writing between the parties, but is only the written acknowledgment of the payment of money without containing any affirmative obligation upon either party to it. In other words, it is a mere admission of a fact in writing. 2 Beach Con. § 383; *Ryan* v. *Ward*, 48 N. Y. p. 208; *Krutz* v. *Craig*, 53 Ind. 574; 2 Bouv. Law Dict., title "Receipt;" *Raymond* v. *Roberts*, 2 Aikens (Vt.), Rep. 204. See also *Smith* v. *Ballou*, 1 R. I. 496. Where, however, an agreement is embodied in the receipt, then, in so far as the receipt contains an agreement, it cannot be varied or controlled by parol evidence, and hence

is not open to explanation unless for uncertainty or ambiguity in its terms. In other words, it stands on the same footing in this regard as ordinary agreements or contracts in writing. *Henry* v. *Henry*, 11 Ind. 236 ; *Stapleton* v. *King*, 33 Iowa, 28.

In the case at bar the written paper put in evidence by the defendants is not only a receipt acknowledging the payment of money, but it also contains an agreement that the money is received in full settlement for the damages sustained by the plaintiff by falling into the ice-pit.

It therefore falls clearly within the rule above referred to, and it was not competent for the plaintiff to testify that the settlement only included a part of his claim against the defendants.

*Squires* v. *Amherst*, 145 Mass. 192, cited by counsel for defendants, is clearly in point. That was a case for personal injuries occasioned to the plaintiff by a defect in a highway. Shortly after the accident the plaintiff had some conversation with one of the selectmen of Amherst about the accident and about settling with him for the damages which he had sustained. In pursuance of said conversation the plaintiff gave the following receipt : "Received of F. L. Stone, for the Town of Amherst, Ten Dollars in full of all demands for damage sustained on the highway near the house of Alden Cooley, on the evening of December 31, 1885." The plaintiff claimed that this amount was only for the damages to his carriage, and that said Stone agreed to pay him more if he was personally injured ; that Stone estimated what the repairs would cost, and that it would be less than ten dollars, and that the plaintiff would have something left for his trouble. The plaintiff's counsel did not contend that there was any fraud in procuring this writing, but he did contend that there was a mistake about the writing ; that the minds of the parties did not meet on the proposition that there was a settlement of any claim for personal injuries or any other than for the property damage, and also that there was a distinct understanding and agreement that the plaintiff was to be paid more if he was injured in his person at the time

the writing was signed ; and that it did not express the understanding of the plaintiff. The court held, however, that the agreement contained in the receipt was unambiguous and clearly covered all demands for damages whether to person or property, and that the oral agreement which the plaintiff offered to prove was plainly inconsistent with the writing, and that a mistake or misunderstanding on the part of the plaintiff as to the legal import of the written agreement was not a ground for avoiding it. The ruling of the court below—that said writing could not be varied or controlled by parol, and in directing a verdict for the defendants —was therefore sustained.

*Coon v. Knap,* 4 Selden's Rep. 8 N. Y. 402, is also clearly in point. In that case the plaintiff was injured by the overturning of the defendant's stage-coach, in which she and her sister were riding. After the accident the defendant called at the plaintiff's residence, and inquired of the two sisters what their damages were. Their father replied that "if she got right along he thought the damages would be $40." The defendant said he did not think they would be more than $15 or $20, and wanted to know if they would settle for $40. The plaintiff replied that if she got well so that she could walk in three months from the time of the hurt she would be satisfied with it ; if not, she would not. The defendant then paid her $40, and drew a receipt and read it to the two sisters. It was as follows : "Rec'd. Brookfield, July 11, 1849, of Wm. D. Knap, $40, in full, for damages done to us by stage accident of the 13th of June last."

The plaintiff told the defendant that she would not take the $40 in full unless she got able to walk in three months, but consented that her sister might write her name to the receipt, and she wrote the names of both. The sister understood it to be a receipt in full up to the time it was given.

The injury proving to be a more serious one than it was supposed to be, and the plaintiff not recovering from it so as to be able to walk, she brought her action against the defendant for her damages. The defendant pleaded the pay-

ment of the $40 and the receipt as a satisfaction of her claim. The circuit court allowed the receipt to be explained, and instructed the jury that if they found it was given upon such a conditional settlement or agreement as then testified to by the plaintiff, it was not a bar to her action, and that in such case she would be entitled to recover the actual damages sustained by her. The jury found for the plaintiff, which finding, upon appeal to the general term of the Supreme Court, was affirmed. But upon the case being taken to the Court of Appeals the ruling in question was held to be erroneous, and the judgment of the Supreme Court and the ruling of the Circuit Court were reversed and a new trial ordered. Taggart, J., one of the judges who wrote an opinion in the case, said : "The instrument in question is evidence of a compromise or settlement of the damages occasioned by the accident. It is not technically a receipt for money on account, which may be explained by parol by showing that some particular item was not intended to be included. It was in full for damages occasioned by a particular transaction. It is in effect a release of the defendant from all liability occasioned by that transaction." See, also, *Kellogg* v. *Richards*, 14 Wend. 116.

(2)    The receipt in the case at bar is clearly, in effect, a release of the defendants from all liability occasioned by the accident in question ; and, no claim being made that it was obtained by fraud, the plaintiff is bound thereby. It is true that the release was not so formal as was that in the case of *Myron* v. *Union Ry. Co.*, 19 R. I. 125 ; nor is it under seal, as was that. But we think that in effect it answers the same purpose and is equally binding upon the defendants, no set form of words being essential to constitute a release. Moreover, a release of this sort need not be under seal in order to be valid at common law. But even if it did, our statute has done away with such necessity. See Gen. Laws R. I. cap. 202, § 12.

The unreported case of *Smith* v. *Harris*, Ex. &c. No. 1,665, decided in 1891, which is relied on by plaintiff's counsel in support of his contention that the receipt was explainable,

was a very different case from this.   The receipt in that case was as follows :

" Received of Albert Harris, $100, for wood lot on Miles Smith farm.   Received payment.   Edward D. Smith."

The trial court in that case ruled, against the defendant's objection, that the receipt was open to explanation as to what was meant by " wood lot," that is, as to its dimensions, the amount of wood thereon, etc., these things being left entirely indefinite in the receipt.   This ruling was afterwards sustained in a rescript of this court, but no formal opinion was given.   The correctness of that decision and its inapplicability to the case before us are both so apparent that any special consideration thereof is quite unnecessary.

The defendant's petition for new trial is granted, and the case is remanded to the Common Pleas Division with direction to enter judgment for the defendants.

*Franklin P. Owen*, for plaintiff.
*Dexter B. Potter*, for defendants.