## James Budro *vs.* Frank Burgess.

Norfolk.    December 6, 1907. — December 31, 1907.

Present: Knowlton, C. J., Morton, Hammond, Braley, & Rugg, JJ.

*Evidence*, Extrinsic affecting writings.   *Agency*, Existence of relation.

At the trial of an action for breach of an alleged oral agreement by the defendant, made in consideration of the release of him by the plaintiff from liability for injuries received by the plaintiff while in his employ, that he would pay the expenses of medical attendance upon the plaintiff and after his recovery again employ him as before, it appeared that an agent of an insurance company with whom the defendant was insured against loss by reason of injuries to persons in his employ, after interviewing the defendant, called upon the plaintiff, had a conversation with him, gave him a draft for $50 and received from him a release of the defendant in writing in duplicate, stated to be "for the sole consideration of $50 and doctor's bill not exceeding $25," in which there was no mention of other expenses for medical attendance or of any agreement for future employment. One copy of the release was retained by the insurance company, and the other was delivered to the defendant.   The plaintiff sought to establish the oral agreement relied on by introducing in evidence, both in his own testimony and in that of the agent, the conversation that occurred between him and the agent of the insurance company before the release was signed.   The plaintiff did not rely on or offer to prove any fraud in the procuring of the release by the agent.   The conversation was excluded.   *Held*, that the conversation properly was excluded because it would have tended to vary or contradict the instrument in writing ; and, *also*, that it was doubtful whether there was any evidence that would warrant a finding that the agent of the insurance company was an agent of the defendant.

CONTRACT for breach of an alleged oral agreement by the defendant that, in consideration of the plaintiff's releasing him from liability on account of injuries received by the plaintiff while in his employ, he would pay a certain sum in cash, would pay the bill for medical attendance upon the plaintiff and would continue to employ the plaintiff as before.    Writ in the Superior Court for the county of Norfolk dated May 23, 1906.

The defendant filed an offer of judgment in the sum of $25.75.

At the trial, which was before *Hardy*, J., it appeared that the plaintiff was injured while in the employ of the defendant who did business under the name, Boston Gear Works, and received medical attendance, and that the defendant had a policy in the Ætna Life Insurance Company " assuring him from

liability on account of any accident" in his place of business. The policy was not in evidence and, except as stated above, neither its terms nor the agreements between the parties nor the authority given by the defendant to the insurance company, were shown.

After the accident to the plaintiff, one Pierce, an "adjuster and investigator" of the insurance company, called upon the defendant and got the details of the accident and the address of the plaintiff, and then visited the plaintiff where, after a conversation, he gave the plaintiff a draft for $50 and the plaintiff signed in duplicate and delivered to him a release which was in evidence, and was as follows:

"For the sole consideration of the sum of $50 and doctor's bill not exceeding $25, this 15th day of February, 1906, received from Boston Gear Works, I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue in respect to all injuries or injurious results direct or indirect arising or to arise from an accident sustained by me on or about the 14th day of February, 1906, while in the employ of the above.

"$75.00                              James Budro [seal.]
"Witness, James Hazen Pierce,
        address, 4 Liberty Square, Boston, Massachusetts."

One copy of this release was retained by the insurance company and the other was delivered to the defendant by Pierce.

The plaintiff testified in his own behalf and, in order to prove the agreement declared on in the declaration, was asked to state the conversation he had with Pierce before the release was signed. The testimony was excluded and the plaintiff excepted. The plaintiff sought to introduce in evidence the same conversation in the testimony of Pierce, but, although he was allowed to state that he did not remember having had any conversation with the plaintiff with regard to his doctor's bills or his future employment by the defendant, was not allowed to state what the conversation was, and the plaintiff excepted.

Subject to exception by the plaintiff, the jury were directed to return a verdict in the amount of the defendant's offer.

*E. J. Parker*, for the plaintiff.

*W. H. Vincent*, for the defendant.

MORTON, J. We think that the rulings were right. The evidence which was offered tended to vary or contradict the written agreement, and was, therefore, rightly excluded. The release stated that the considerations recited were the "sole consideration." Evidence of a consideration in addition to those contained in the release would have tended directly to contradict the express written agreement that the considerations named were the "sole consideration." The cases on which the plaintiff relies, as deciding that an additional consideration or a separate and independent agreement supported by the same consideration as the written contract may be shown, do not apply. In those cases the contract did not appear to have been intended, as this was, as a complete statement of the whole agreement.

It also may well be doubted whether there was any evidence warranting a finding that Pierce was the agent of the defendant. But it is not necessary to pass upon that question.

*Exceptions overruled.*