C. A. SMITH LUMBER & MFG. CO. v. PARKER.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1915.)

No. 2504.

EVIDENCE ⬯397—PAROL EVIDENCE—RELEASE—CONTRACTS.

An instrument executed by an injured employé and his employer, which recites that for a specified money consideration the employé acknowledges full satisfaction and discharge of all claims from the accident causing the injury, is not a mere release by the employé, but is contractual in nature, and cannot be controlled by parol evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756-1765; Dec. Dig. ⬯397.]

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by John A. Parker against the C. A. Smith Lumber & Manufacturing Company. There was a judgment for the plaintiff, and defendant brings error. Reversed and remanded, with directions.

John D. Goss, of Marshfield, Or., for plaintiff in error.

Wm. T. Stoll, of Marshfield, Or., and Isham N. Smith, of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action at law, in which a verdict was returned in favor of the plaintiff, upon which verdict judgment was entered against the defendant (plaintiff in error here) for certain damages and costs. The real point in the case is whether a certain oral agreement alleged by the plaintiff to have been made by him with the defendant was open to consideration in view of the written contract of the parties.

The complaint alleged in substance that in the month of December, 1908, the plaintiff was in the employ of the defendant at its sawmill as a millwright, and that in that month and year, while so engaged in the performance of his duties, his left leg was injured, which injury he attributed to the negligence of the defendant and so notified it, and that by reason of the careless and unskillful manner in which the company's physician and surgeon treated the plaintiff the latter's right hand had to be amputated, which was done on the 6th day of February, 1909, in consequence of which the plaintiff claimed to have a cause of action against the defendant for damages; that subsequently the plaintiff and the defendant made and entered into an agreement in writing in these words and figures:

"For the sole consideration of the sum of four hundred and ten $75/100$ dollars, this 25th day of September, 1909, received from C. A. Smith Lumber & Manufacturing Company, I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 16th day of December, 1908, while in the employment of the above.

"$410.75.                                    [Signed]   J. A. Parker.   [Seal.]

"Witness: Arno Mereen, Marshfield, Or.
"Witness: David Nelson, Marshfield, Or."

The complaint further alleges that the defendant then and there paid the plaintiff $200 in cash, and at the same time orally agreed with the plaintiff as a further consideration for such release to give him employment so long as he wanted it, at any work in the defendant's said mill that the plaintiff could do—that is to say, to measure lumber in the yards, or to operate a trimmer, or to act as timekeeper, or to look after the stores—and would pay the plaintiff therefor the same wages as were paid to other men for the same services, which agreement was assented to by the plaintiff and defendant in all particulars, and was accepted by the plaintiff in satisfaction and discharge of his said cause of action; that thereupon, and pursuant to such agreement, the plaintiff entered the employ of the defendant, filling a num-

ber of different positions for the period of about eight months, whereupon he was permanently put in charge of a trimmer, which is an automatic machine that trims up all the board lumber that goes through the mill, and which is a machine that can be operated by a man with one hand, and continued in that position continuously until the 31st day of January, 1913, the plaintiff performing all such duties to the satisfaction of the defendant; that the plaintiff continued capable of performing such duties, the regular wages of which were and are $3.50 a day; and that, notwithstanding the plaintiff's ability and willingness to continue in the performance of such duties, the defendant, on the 31st day of January, 1913, in violation of its said alleged agreement with the plaintiff, and without any cause, unlawfully and fraudulently discharged the plaintiff, and has ever since refused to give him employment of any kind, by reason of which the plaintiff has been damaged in the sum of $30,000.

A demurrer interposed by the defendant to the complaint, mainly upon the ground that the alleged release and settlement constituted a written contract, which could not be varied by parol evidence showing an additional consideration from that stated therein, was overruled by the trial court, resulting in an answer thereto on behalf of the defendant to the action, making various admissions and denials, and setting up, among other things, that the said alleged written agreement was the "only settlement or agreement ever made between the plaintiff and defendant subsequent to the 6th day of February, 1909, and was the only release or settlement agreement ever executed by the plaintiff and the defendant, and was intended and understood by all the parties thereto to be and was a full and complete settlement of all the claim of the plaintiff against the defendant by reason of any of the matters alleged in the complaint herein, and was intended to and did set forth the full consideration therefor," and as a further and separate defense alleged that "by reason of said written agreement and receipt the plaintiff is estopped to set up any further promise, agreement, or consideration than the sum so set out and receipted therefor therein, and that the plaintiff is forbidden by the laws of the state of Oregon, and especially by section 713, L. O. L., to vary the terms of said written agreement."

The answer of the defendant admits, among other things, that its superintendent "voluntarily informed the plaintiff that, as long as conditions were satisfactory and his work properly performed, he, on behalf of the defendant, would be glad to employ the plaintiff at such work as he could properly perform, but denied that said settlement or agreement was entered into upon consideration of any terms to that effect, or that, as a part of or an inducement to said settlement, any promise or agreement to that effect was made or entered into by or on behalf of the defendant, or that there was any promise or agreement or consideration whatsoever for said settlement other than that set forth and included in said writing above set forth." The answer also set up, among other things, that the plaintiff stopped work for the defendant of his own accord and without cause, and has since been and is employed in other occupations and earning $3 a day and more.

There was some evidence tending to show that the plaintiff ceased work for the defendant without cause, but that issue was determined against the defendant to the action by the verdict of the jury, which awarded the plaintiff $2,500 as damages. If the ruling of the learned judge of the court below upon the demurrer to the complaint was right, it results that his instructions to the jury, which followed in substance that ruling, were also without error, and as the instructions were otherwise unobjectionable, the judgment should be affirmed. But, as already indicated, the real question is whether the view taken by the trial court on the demurrer to the complaint was correct—its view being shown by this excerpt from its opinion:

"Upon reading the complaint, my first impression was that the demurrer was well taken, and that the receipt or acquittance should be treated as containing all the terms of the settlement, and consequently parol evidence was not admissible to show an additional consideration from that stated therein. But I find the adjudged cases to be to the contrary. The holdings are that an acquittance not contractual in form is a mere receipt, and is conclusive only as to the amount of money paid; that parol evidence is permissible to establish the parts of the contract, if any, not contained in the writing, unless the consideration as stated in the writing is contractual in its nature. It was so held in Pennsylvania Company v. Dolan [6 Ind. App. 109], 32 N. E. 802 [51 Am. St. Rep. 289], a case quite similar to the one at bar, and to the like effect in Allen v. Tacoma Mill Company [18 Wash. 216], 51 Pac. 372, and the recent case in the state Supreme Court of Holmboe v. Morgan [69 Or. 395, 138 Pac. 1084]. Demurrer overruled."

The case clearly turns upon the true nature of the instrument, which has been set out in full. If it was a receipt only for the amount of money specified in it, the judgment below was undoubtedly right, for it is undisputed that a mere receipt is not evidence of a contract, but of payment, and is not even conclusive of the amount of that, if any mistake was made between the parties in the matter of the adjustment of their account.

But we are unable to construe the instrument in this case as a mere receipt. The evidence shows, and the complaint itself alleges, that it was given in settlement of a disputed claim made by the plaintiff against the defendant for damages growing out of the loss of his hand as the alleged result of an injury to his leg, which latter injury was alleged to have been received by the plaintiff while working for the defendant; that the respective parties settled that claim by agreement, and in writing the plaintiff declared that:

"For the sole consideration of the sum of four hundred and ten $75/100$ dollars, this 25th day of September, 1909, received from C. A. Smith Lumber & Manufacturing Company, I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 16th day of December, 1908, while in the employment of the above."

To hold that such an instrument, executed under such circumstances and for such a purpose, is not contractual in its nature, would be, in our opinion, a clear violation of its unambiguous language. Similar releases, few, if any, of which were stronger in terms, and some not so strong, were held contractual in their nature, and therefore no more to be disputed or controlled by parol evidence than any other instrument

in writing witnessing an agreement of the parties, in the cases of St. Louis & S. F. Ry. Co. v. Dearborn, 60 Fed. 880, 9 C. C. A. 286; The Cayuga, 59 Fed. 483, 8 C. C. A. 188; Cummings v. Baars, 36 Minn. 350, 31 N. W. 449; Chaplin v. Gerald, 104 Me. 187, 71 Atl. 712; Williams v. Chicago, R. I. & P. Ry. Co., 109 Ark. 82, 158 S. W. 967; Jessup v. Chicago & N. W. Ry. Co., 99 Iowa, 189, 68 N. W. 673; Myron v. Union R. Co., 19 R. I. 125, 32 Atl. 165; Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S. W. 323; Atchison, T. & S. F. Ry. Co. v. Vanordstrand, 67 Kan. 386, 73 Pac. 116; White v. Richmond & D. R. R. Co., 110 N. C. 456, 15 S. E. 198; Tate v. Wabash Ry. Co., 131 Mo. App. 107, 110 S. W. 623; Budro v. Burgess, 197 Mass. 74, 83 N. E. 318; Coon v. Knap, 8 N. Y. 402, 59 Am. Dec. 502; Squires v. Inhabitants of Town of Amherst, 145 Mass. 192, 13 N. E. 609; Allen v. Ruland, 79 Conn. 405, 65 Atl. 140, 118 Am. St. Rep. 146, 8 Ann. Cas. 344; Denver & R. G. R. Co. v. Sullivan, 21 Colo. 302, 41 Pac. 504; Vaughan v. Mason et al., 23 R. I. 348, 50 Atl. 390; Moore v. Missouri, K. & T. Ry. Co., 30 Tex. Civ. App. 266, 69 S. W. 997; English v. New Orleans & N. E. R. Co., 100 Miss. 575, 56 South. 665; Matthews v. Phœnix Ins. Co., 160 Mo. App. 557, 140 S. W. 968.

The judgment is reversed, and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.