### HOUSTON v. TROWER.

(Circuit Court of Appeals, Eighth Circuit.   March 18, 1924.)

#### No. 6349.

1. **Courts ⬤�ý347—Equitable defense may be set up in law action.**

Under Judicial Code, § 274b (Comp. St. § 1251b), an equitable defense may be set up in a law action, either in the answer or the reply, in which case the court should try the equitable issues before the trial of the law action.

2. **Evidence ⬤⟝409—Release constituting contract of settlement could not be varied or contradicted by parol evidence.**

A release, which was contractual in its nature, and stated the terms of the settlement between the parties, and was not merely a receipt for a sum of money, could not be varied or contradicted by parol evidence.

3. **Release ⬤⟝31—Release held applicable to claims of which parties who signed release had no knowledge at time settlement was made.**

A release, stating that it constituted a settlement of "all claims" that purchasers of corporate stock "may have for any reason against" seller "in regard to their investment in" the corporation, *held* applicable to any claims which purchasers might have against seller by reason of misrepresentations inducing the sale, though purchasers had no knowledge thereof at the time the release was entered into.

4. **Release ⬤⟝31—May include claims not discussed or known.**

The language in a release may be broad enough to cover all demands or rights to demand, or possible causes of action, a complete discharge of liability from one to another, whether or not the various demands or claims have been discussed or mentioned and whether or not the possible claims are all known.

5. **Release ⬤⟝31—Release covering claims of which party had no knowledge at time settlement was made held valid.**

Release signed by purchasers of corporate stock releasing seller from all claims which purchasers might have against seller in regard to the purchase of the stock *held* valid as to claims because of misrepresentations made by seller though buyers had no knowledge of the falsity of the representations at the time the settlement was made.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by E. E. Trower against F. M. Houston. Judgment for plaintiff, and defendant brings error. Affirmed.

Lucian M. Eastin, of St. Joseph, Mo. (C. M. Williams and D. C. Martindell, both of Hutchinson, Kan., on the brief), for plaintiff in error.

R. R. Vermilion, Earle W. Evans, Joseph G. Carey, and W. F. Lilleston, all of Wichita, Kan., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. From a judgment on the pleadings this writ of error is prosecuted. The parties will be designated as they appeared in the lower court. The plaintiff brought suit against the defendant upon a promissory note made by defendant to the plaintiff as payee. The defendant's answer admitted the execution of the note. The answer set up as a defense to the note, and also as a counterclaim against the plaintiff, a claim for damages in a sum exceeding the amount of the note, for deceit, in that the plaintiff had induced the defendant to purchase of plaintiff capital stock in a corporation by means of false representations. This claim was twofold: First, in inducing defendant to purchase the unissued stock in a corporation, wherein the plaintiff then owned almost all of the issued stock; and, second, in inducing defendant at a later date to purchase the stock which the plaintiff owned. The corporation was known as the Parlephone Company and was engaged in making and selling phonographs. The alleged false representations related to the amount of the assets and liabilities and the amount and profitableness of the business done by the company, and the claim was made that the defendant relied the more upon plaintiff's statements because the plaintiff's daughter was engaged to be married to the defendant's son, and the plaintiff represented that the purchase of this stock would be a good investment and enable the defendant to place his son in a profitable business. The plaintiff filed a pleading, which was both a reply to the answer and an answer to the counterclaim. It made some denials which require no attention at this time, but it also alleged a compromise and settlement, and release of the claim of deceit set up in the defendant's answer and counterclaim, alleged to have been made after the defendant had asserted his claim that he had been defrauded. The release reads as follows:

"Hutchinson, Kansas, June 3, 1920.

"Received of E. E. Trower one thousand two hundred and fifty dollars ($1,250.00), which the said E. E. Trower is paying back into the treasury of the Parlephone Company, which settles all claims which the Parlephone Company has for salary drawn in an irregular way, and to cover all other claims, and also settles all claims that F. M. Houston or M. F. Houston may have for any reason against E. E. Trower in regard to their investment in the Parlephone Company. It is distinctly understood that the above is not intended to mean or to affect in any manner the present contract now existing in reference to the bills receivable, which was turned to the Parlephone Company by the said E. E. Trower, and that payment of which has been guaranteed by him. Marion F. Houston.

"F. M. Houston."

The defendant then filed a pleading by leave of court, in the nature of a rejoinder to the reply and a reply to the plaintiff's answer to the defendant's counterclaim, in which the defendant admitted that he had signed this release (which the pleading terms a receipt), but alleged that there had been no discussion between the parties at or before its execution of the matters alleged in the defendant's answer as a defense; that the only matter which had been discussed was an increase of the plaintiff's salary as manager of the company, and his duty to repay a portion of it to the company; that the defendant did not know, and could not have known when he executed the release, of the matters set up in the

answer; that the release was submitted to the defendant for signature, and that the portion of the release which reads, "and also settles all claims that F. M. Houston or M. F. Houston may have for any reason against E. E. Trower in regard to their investment in the Parlephone Company," was put into the release by the plaintiff with the intention to prevent the assertion of the defenses set up in the answer; that the plaintiff, knowing that he had made the false representations, and knowing that the defendant was ignorant of their falsity, fraudulently inserted matters in the release that were unknown to the defendant, in the endeavor to preclude the defendant from asserting the frauds of the plaintiff against him. No claim was made that the release was executed because of contemplated marital relationship between the families, nor of any relation of trust or confidence.

[1] The court made an order granting the plaintiff's request that the court should first hear the equitable issues presented. Thereafter the court sustained the plaintiff's motion for a judgment in his favor upon the pleadings. The statutes of Kansas provide that the material allegations of the answer, not controverted by the reply, shall be taken as true, but that the allegations of new matter in the reply shall be deemed controverted as upon direct denial or avoidance as the case may require. It is also provided that the plaintiff may reply to new matter in the answer by denials, and that he may also allege any new matter not inconsistent with the petition constituting a defense to the new matter in the answer. Sections 6996, 7021, Gen. Stats. of Kansas 1915. It may be assumed that the effect of the plaintiff's motion for judgment on the pleadings was a concession that the defendant stated a good defense against the note pleaded in the petition and a right to recovery upon his counterclaim, but the allegations of the plaintiff's reply thereto as to the execution of the release was admitted, and unless the other matters pleaded constituted a defense against the assertion of the release, no defense was presented, and the plaintiff was entitled to judgment on his petition. Under section 274b of the Judicial Code (Comp. St. § 1251b) it is permissible that an equitable defense be set up in a law action, either in the answer or the reply (Plews v. Burrage [C. C. A.] 274 Fed. 881, 884), and the court should try the equitable issues, before the trial of the law action (Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 242, 43 Sup. Ct. 118, 67 L. Ed. 232; Union Pac. R. Co. v. Syas, 246 Fed. 561, 566, 158 C. C. A. 531).

[2, 3] The chief question that is presented is the sufficiency of the defenses in the defendant's final pleading as against the conceded execution of the release by him. The release is not only a receipt for a sum of money, but it is contractual in its nature in stating the terms of the settlement made. As a contract it cannot be varied or contradicted by parol evidence. The Delaware, 14 Wall. 579, 601, 20 L. Ed. 779; St. Louis & S. F. Ry. Co. v. Dearborn, 60 Fed. 880, 882, 9 C. C. A. 286; In re Atwater (C. C. A.) 266 Fed. 278, 281; Pierson v. Hooker, 3 Johns. (N. Y.) 68, 70, 3 Am. Dec. 467; 34 Cyc. 1074. Determining its meaning by its contents, in the light of the situation of the parties as shown by the pleadings, and especially as shown by the defendant's pleadings, it appears that it was signed by the defendant about seven

months after his first purchase of stock from the plaintiff, and over three months after his second purchase. At the time it was signed the defendant did not know that the plaintiff's representations were false, there had been no discussion between the plaintiff and the defendant on that subject, and the only subject that had been discussed was the right of the plaintiff to the increase of salary that he had received from the company and his duty to repay it. The release embraced three subjects: First, a settlement of all claims that the Parlephone Company had against the plaintiff for salary drawn in an irregular way, and all other claims; second, a settlement of all claims that defendant or his son "may have for any reason" against the plaintiff in regard to their investment in the Parlephone Company; third, an exception from the settlement of an existing contract as to bills receivable and a guaranty made by plaintiff relating to that. It is evident that the claim made for damages because of the false representations was a claim and cause of action that the defendant then possessed, whether or not he was aware of it, and that it was a claim against the plaintiff, and was in regard to the defendant's investment in the Parlephone Company.

The defendant's attention was sharply challenged by the release to the fact that, although the only subject of prior discussions had been the obligation of the plaintiff to repay a portion of salary he had received, that was not the only subject embraced in the release, as it purported not only to release the claims of the Parlephone Company against the plaintiff, but also to release the claims of defendant and his son, as individuals, against the plaintiff, and that it covered all such claims that they might have for any reason because of their investment in the Parlephone Company. This second clause was meaningless, if applied to the claim of overdrawn salary, for the right to recover that was in the corporation, and not in the defendant. It plainly informed the defendant that, if he or his son had any claim for any reason against the plaintiff, because they had purchased stock in the Parlephone Company, such a claim was to be considered as settled by the payment of this money to the defendant. It was not a release wherein there was a recital or particularization of the subjects covered by it, followed by words of general release, such as may indicate that the general words are to be referred to and restrained by the recital or particularization preceding (Texas & Pacific Ry. Co. v. Dashiell, 198 U. S. 521, 527, 25 Sup. Ct. 737, 49 L. Ed. 1150; Union Pac. Ry. Co. v. Artist. 60 Fed. 365, 367, 9 C. C. A. 14, 23 L. R. A. 581; Jackson v. Stackhouse, 1 Cow. (N. Y.) 122, 126, 13 Am. Dec. 514), nor even a general release of claims without any special description, but was a combination of two particular releases of the plaintiff, one from liability to the company, and the other from liability to the defendant.

[4] The language in a release may be broad enough to cover all demands or rights to demand, or possible causes of action, a complete discharge of liability from one to another, whether or not the various demands or claims have been discussed or mentioned, and whether or not the possible claims are all known. One seeking a settlement and release has the right to buy peace from all future contention on then existing claims of every character. Kirchner v. New Home Sewing

297 F.—36

Mach. Co., 135 N. Y. 182, 187, 31 N. E. 1104; Duff v. Hutchinson, 57 Hun, 152, 10 N. Y. Supp. 857, 858; Soper v. Insurance Co., 120 Mass. 267, 270; Lauzon v. Belleheumer, 108 Mich. 444, 445, 66 N. W. 345; United States v. Wm. Cramp & Sons Co., 206 U. S. 118, 127, 128, 27 Sup. Ct. 676, 51 L. Ed. 983; United States v. Garlinger, 169 U. S. 316, 322, 18 Sup. Ct. 364, 42 L. Ed. 762; Chicago, Milwaukee, etc., Ry. Co. v. Clark, 178 U. S. 353, 368, 20 Sup. Ct. 924, 44 L. Ed. 1099; Simpson v. Pennsylvania R. Co., 159 Fed. 423, 424, 86 C. C. A. 403; Cummings v. Baars, 36 Minn. 350, 353, 31 N. W. 449; Hyde v. Baldwin, 17 Pick. (Mass.) 303, 307; Hoffman v. Eastern Wisconsin Ry. & Light Co., 134 Wis. 603, 607, 115 N. W. 383.

The only permissible conclusion that can be drawn is that the scope of the release in question embraced the cause of action stated in the defendant's answer and counterclaim, and that the defendant was bound to take notice of the plain purport and legal meaning of the words used.

[5] Does the defendant show any right, in equity, to have this release held invalid as to him? He claims a mistake on his part in signing the release, when he was ignorant that he had a cause of action for deceit against the plaintiff; but he cannot be heard to claim, in the face of the paper signed by him, that he was ignorant of the fact that the release informed him that he was settling all claims for any reason against the plaintiff growing out of the defendant's purchase of the stock. If he was doubtful of the scope of this release, because he did not know what claims he might have against the plaintiff, when the defendant should have had opportunity to investigate the representations that had been made to him, and the existence of other rights or causes of action, he should have refrained from executing it, or should have had it modified to cover only known claims. As there was no legal mistake shown on the part of the defendant, it is not necessary to discuss the contentions of the defendant as to the effect of a mutual mistake, or of a mistake of one party coupled with concealment by the other party, or whether concealment can be claimed in a case, where there are no relations of trust, and where the parties are dealing at arm's length in compromising and settling claims between them, if each shall not reveal to the other all matters of importance to the settlement, of which the other party is known to be ignorant.

The judgment will be affirmed.