SCULLIN *et al.*, RECEIVERS, MO. & NORTH ARK. RD. CO., *v.* NEWMAN.

Opinion delivered January 29, 1917.

RELEASE—CONSIDERATION—PROOF OF AGREEMENT TO EMPLOY.—Plaintiff, an employee of a railroad company, sustained an injury, and executed in writing a release of the company from liability, "for the sole consideration of $121.20, to me this day in hand paid   *   *   *." Held, the release was valid and binding upon the plaintiff, and that proof of an additional oral promise by the defendant to employ plaintiff in the future, was not sufficient to show fraud in the execution of the release, the same not being a part of the written contract, and that the written agreement, under these facts was not invalidated where it appeared that plaintiff was not offered the employment.

Appeal from Boone Circuit Court; *John I. Worthington*, Judge; reversed.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber,* for appellants.

1. Under the undisputed testimony it is clear that the original injury was the result of a risk assumed by him, and the court should have peremptorily instructed a verdict for defendants. Act No. 88, Acts 1911, does not eliminate the doctrine of assumed risk as a defense. 119 Ark. 477; 82 Ark. 11; 53 *Id.* 117; 54 *Id.* 389; 89 *Id.* 427; 93 *Id.* 564; 104 *Id.* 489; 101 *Id.* 537. The case in 228 Fed. 872-5, is peculiarly applicable to the facts in this case.

2. Future promises of employment do not constitute such fraudulent misrepresentation as will authorize the setting aside of a contract on the ground of fraud. Here there was a completed contract, settling

all differences a valid consideration, and on its face it constituted the entire contract. No fraud was proven. 109 Ark. 82; 32 Atl. 165; 107 Ark. 202; 116 *Ib.* 529; Bigelow on Estoppel, 481; Kerr on Fraud & Misrepresentation, 88. The alleged fraudulent misrepresentation must be of a fact and not merely a false promise. Cases *supra;* 91 Ark. 324-7; 48 Pac. 963; 111 S. W. 20; 89 N. E. 651; 36 *Id.* 269; 60 Fed. 880; 73 Pac. 113.

3. Assuming that the promise does constitute actionable fraud, yet, there was no evidence that the promise was made with no intention at the time to fulfill it; and the case should not have been submitted to the jury. 107 Ark. 202; 115 *Id.* 529.

The case being fully developed, the judgment should be reversed and the action dismissed.

WOOD, J. This suit was instituted by the appellee, a car repairer in the employ of the appellants, for damages on account of personal injuries alleged to have been sustained by him October 9, 1915. Appellee alleges that he, in company with a fellow workman, was ordered by his foreman to repair a car sill which was about 40 feet long and weighed about 700 pounds; that for the purpose of stripping it and removing the irons it was necessary to move the sill on to blocks; that while moving the same the sill fell and a stirrup on the same caught appellee's leg under it, severing the muscle on the front part of the same between the knee and the hip, causing appellee permanent injuries and great pain and suffering.

Appellee alleged that the sill was too heavy for two men to handle, and that the job required four men, which number it was the custom of the appellant to furnish; that it was also the duty of appellants to have furnished trestles or horses upon which to place the sill in order to hold the same in a permanent and safe position; that the failure to furnish these trestles made it necessary for the appellee and his fellow workman to use blocks instead, which were insecure and

unsafe for the purpose; that the negligence of appellants in these respects caused appellee's injury. Appellee further set up that appellants fraudulently procured from appellee, while he was weak from the physical pain and mental suffering caused by his injury, a release for the consideration of $121.20 paid to him, and also for the further consideration that they would give him future permanent employment, and the further promise that his employment for thirty or sixty days from the date of the execution of the release should be of a lighter character than it had been; that appellee accepted the money and executed the release in consideration of these promises; that on November 8th appellee reported to appellant for work, but that appellants, through their general car foreman, repudiated these promises and refused to give him work.

Appellants answered, denying the allegations of negligence, and set up the affirmative defenses of assumed risk and contributory negligence. They also denied the allegations of fraud in the settlement with appellee, and set up the release executed by appellee in full discharge of any damages that he may have sustained.

The first question to be considered on this appeal is whether or not there was a valid contract between the appellants and the appellee for a release of all claims for damages on account of the injury sustained by the appellee.

The release, after reciting the appellee's employment and his injury and claim for damages, and the fact that appellants denied liability therefor, continues as follows:

"And whereas, I, the undersigned, desire to compromise and settle the entire matter; now, therefore, for the sole consideration of one hundred twenty-one and 20/100 dollars, to me this day in hand paid by the aforesaid Missouri & North Arkansas Railroad Company, and John Scullin, Jesse McDonald and W. S. Holt, receivers, the receipt of which is hereby acknowledged, I do hereby compromise and settle the

aforesaid claim and do release and forever discharge the said Missouri & North Arkansas Railroad Company, and John Scullin, Jesse McDonald and W. S. Holt, Receivers, from any and all liability whatever, and for all claims, all injuries, present and future, including those that may hereafter develop, as well as those now apparent, and do also release and forever discharge the said Missouri & North Arkansas Railroad, and John Scullin, Jesse McDonald and W. S. Holt, Receivers, from all actions, causes of action and claims for injury and damages which I may now have, or might hereafter have or claim, arising out of the aforesaid injuries of whatsoever nature, either to my person or property; and do hereby acknowledge full satisfaction for such liability, claims for damages and causes of action for injuries and damages.

"I do further represent that at the time of receiving said payment and signing and sealing this release I am of lawful age and fully competent to execute it, and that before signing and sealing the same I was fully informed of and acquainted with its contents and executed it with full knowledge and appreciation thereof."

Appellee was injured on the 9th day of October, and executed the release on the 30th.

There was testimony on behalf of the appellee tending to prove that appellant's claim agent promised appellee before the release was executed that he would be retained in the service of the railway company. There was testimony on behalf of appellants tending to prove that the claim agent made no such promise, and there was also testimony tending to prove that if appellants' claim agent made the promise, it was the intention of appellants to fulfill same by giving appellee employment.

The court, at the instance of the appellee, instructed the jury, in effect, that if before or at the time the release was executed the claim agent of the appellants who procured the same, as an inducement to obtain the signature of the appellee thereto, represented

to appellee or led appellee to believe that he would be retained in the employ of the appellants if he would accept the consideration paid and execute the release, that appellee would not be bound by such release if the appellants thereafter refused to retain appellee in their employ.

The appellants prayed for instructions directing the jury, in effect, that though they might believe from the evidence that the appellee was promised future permanent employment by the appellants, and that without just cause the appellants refused to give him such employment, still the jury could not find for the appellee unless they further believed from the evidence that the promise for future employment was made to the appellee with the fraudulent purpose of obtaining the release, and without an intention on the part of appellants at the time of making the promise to live up to the same.

The court refused to grant appellants' prayers, and to these rulings upon the instructions the appellants duly excepted.

The effect of the court's ruling is that, where a claim agent procures a release to be signed by an injured employee of all damages from the injury for a cash consideration recited in the instrument and upon the further promise of the claim agent that such employee will be retained and given future employment, although such latter promise is not recited in the instrument, that the release will not be binding on the employee unless the company fulfills the promise made by its claim agent by retaining the injured employee in its service. In other words, the ruling is tantamount to a holding that such a promise for future employment unperformed on the part of the railroad company is a fraud that invalidates the release, notwithstanding the recitals of the release show that there is a compromise and settlement of the entire matter in dispute "for the sole consideration" of a designated sum in money which the releasor acknowledges has been paid him. This is not the law.

Fraud cannot be predicated upon a promise of future employment unfulfilled that is not recited in the instrument which constitutes the contract of release. The instrument of release under review is unambiguous in its recitals, and the recital of the consideration received constitutes something more than the mere acknowledgment of a receipt of the amount of money specified.

The contract shows that the amount of money paid the appellee was the sole consideration for the settlement of a disputed claim for damages. The principle controlling here was announced by this court in *Conoway* v. *Newman,* 91 Ark. 324. The facts in that case were that the Newman Mill & Lumber Company executed a mortgage in favor of one H. Greenwald to secure the individual debt of R. L. Newman, one of the partners. During the course of business the Newman Company become indebted to various creditors, among whom was the plaintiff, Goldman & Co., who subsequently brought an attachment against the Newman Company, in which a receiver was appointed, and in which it was alleged that the mortgage to Greenwald was procured by fraud. It was shown at the time the mortgage was executed that the Newman Company was indebted to Newman in the sum of $1,600.00, and that to induce them to sign the mortgage Greenwald told them that Newman would draw out of the firm if they did not execute the mortgage, but if they did execute it he would advance the firm more money. Newman afterwards denied that he had made the promise and refused to make further advances. In that case, speaking of the alleged false representation, we said: "This was not a false statement upon which fraud may be predicated; such fraud must be of existing facts or facts which previously existed, and cannot consist of mere promises as to future acts, although such promises are subsequently broken.    *    *    *    The representations here complained of relate solely to promises as to matters in the future."

The instruction of the trial court was predicated upon a mere naked verbal promise of the claim agent of appellants that appellee would be retained in their service as an inducement for appellee's signing the contract of release. This promise related entirely to acts to be done in the future.

In *St. L. & S. F. R. Co.* v. *Dearborn*, 60 Fed. 880, the court, speaking concerning a similar state of facts, said: "There is a distinction between a representation of an existing fact which is untrue, and a promise to do or not to do, something in the future. In order to avoid a contract, the former must be relied on. The plaintiff does not pretend that there was any representation of an existing fact which was untrue, but the claim is that there was a promise to do something in the future."

In the recent case of *Kansas City Southern Railway Co.* v *Armstrong*, 115 Ark. 123, speaking of a release, we said: "This is not a case where the plaintiff is shown to have been mentally incapacitated from entering into the contract; nor is it a case where there were fraudulent representations as to the contents of the written instrument, or any trick or subterfuge whereby the papers were substituted so as to induce the contracting party to execute it; neither is this a case where the injured person executed the release in reliance upon the superior knowledge of the physician or surgeon of the company as to the extent of the injuries. The parties having deliberately contracted with each other for a settlement of the unliquidated claim, they are both bound by the contract." See, also, *Atchison, T. & S. F. Ry. Co.* v. *Ostrand*, 73 Pac. 114.

Since a mere naked promise for future employment is not sufficient to show fraud in the execution of the release, and as such promise if made was not brought into the written contract, proof of such promise can not avail appellee to alter and destroy the effect of his written contract.

We must assume that the prayer for instruction granted at the request of the appellee announced the law from the appellee's viewpoint applicable to the

facts, giving them their strongest probative value in appellee's favor. Appellee did not request prayers for instructions to the effect that if the promise was made by appellants to retain him in their service, and that at the time such promise was made it was not intended by the appellants to perform the same, that such promise would constitute such a fraud in the execution of the contract as to render the same void. We conclude, therefore, that appellee conceded that the evidence was not sufficient to justify the submission of such an issue to the jury, and we do not decide the question as to what would have been the effect on the release of a promise for future employment made with the intention at the time it was made of not fulfilling it.

It follows that the release under review was not void, but, on the contrary, it showed a complete settlement of the damages which appellee sustained by reason of his injuries and is a complete defense to his cause of action. The judgment, for the errors in the court's instruction will be reversed and the cause will be dismissed.

HART and HUMPHREYS, JJ., dissent.