WILLIAM T. ALDRICH, executor, *vs.* TRAVELERS INSURANCE COMPANY.

Suffolk.   May 1, 2, 1944. — September 14, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Mistake. Contract*, Annuity contract, Rescission, Validity.

An annuity contract to pay a certain sum periodically to the annuitant for the rest of his life in consideration of a single premium paid by him, entered into without any physical examination of the annuitant and on the assumption of the parties thereto that his health was such as to justify a reasonable expectancy of life, was not made by mutual

mistake of the parties, nor unconscionable, nor to be rescinded on either of those grounds by the executor of the annuitant's will, although it appeared that when the contract was made the annuitant, without the knowledge of either party, was suffering from cancer and lived only a short time thereafter.

BILL IN EQUITY, filed in the Superior Court on October 25, 1943.

The suit was heard by *Buttrick,* J.

*W. I. Badger, Jr.,* (*M. E. M. Smith* with him,) for the defendant.

*H. L. Barrett,* for the plaintiff.

QUA, J. This is a bill in equity for rescission because of alleged mutual mistake and unconscionableness of an annuity contract entered into between the plaintiff's testatrix and the defendant, dated April 3, 1940, whereby for consideration of a single premium of $5,000 then paid by the testatrix, the defendant promised to pay to the testatrix the sum of $31.70 monthly during her life.

In addition to the consideration of the paid premium, the contract on its face purports to have been issued "in consideration of" an application signed by the testatrix and made part of the contract. In the application appear this question and answer, "Is the condition of your health such as to warrant a reasonable expectation of life? Yes." The judge found that "the policy was based as to payments upon the average life expectancy" of a person of the age of the testatrix, who was sixty-seven years old when the contract was made; that there was no medical examination; that when the contract was made the testatrix was suffering from cancer of which she died on May 19, 1941; but that neither the testatrix nor the defendant had knowledge of that condition. The judge further found that both parties to the contract "assumed the existence of a certain fact, that being that the condition of . . . [the testatrix's] health was such as to warrant a reasonable expectancy of life, while in fact she was suffering from an incurable disease"; and that "there was a mistake as to a matter that vitally affected the basis upon which the parties contracted." He entered a decree rescinding the contract and ordering the defendant

to pay to the plaintiff the sum of $4,587.90, which seems to have been intended to represent the difference between the single premium of $5,000 and the sums paid monthly by the defendant to the testatrix in the period of a little over a year in which she remained alive after the making of the contract. There is no allegation or suggestion of any form of fraud.

The judge's conclusion, which was in substance that the contract was entered into in mutual mistake as to a material fact, cannot be supported in view of the nature of the contract itself and the subsidiary facts disclosed. Both parties must have known that there had been no physical examination in connection with the contract. Although both parties "assumed," as the judge found, that the testatrix's health was such as to warrant a reasonable expectation of life, both parties as reasonable persons knew that this was only an assumption, opinion, or probability; that it might be contrary to the fact; and that the testatrix might have within her body a condition that could cause her early death, as might any person of her age or indeed any person of any age. See *Metropolitan Life Ins. Co.* v. *Burno*, 309 Mass. 7, 9. Yet they entered into a contract with reference to this very risk wherein the testatrix voluntarily exchanged the money which she had in hand for the monthly payments during the remainder of her life, however long or short that time might be. She agreed to assume the risk that she would die early, and the defendant agreed to assume the risk that she would live long. Both parties were satisfied to do business on this basis. Neither side can rescind the contract merely because the known and assumed risk turned out to be greater than either or both expected it to be. In Am. Law Inst. Restatement: Restitution, § 11 (1), the rule is laid down in these words, "A person is not entitled to rescind a transaction with another if, by way of compromise or otherwise, he agreed with the other to assume, or intended to assume, the risk of a mistake for which otherwise he would be entitled to rescission and consequent restitution." See comment d, and Notes on Restatement of Restitution by Seavey and Scott, § 11; Restatement: Contracts, § 502, comment f; *Soper* v. *Atlantic Mutual Fire & Marine Ins.*

*Co.* 120 Mass. 267; *Hecht* v. *Batcheller,* 147 Mass. 335; *Ogden* v. *McHugh,* 167 Mass. 276; *Young* v. *Holyoke,* 225 Mass. 140; *Cavanagh* v. *Tyson, Weare & Marshall Co.* 227 Mass. 437, 442–444; Williston on Contracts, (Rev. ed.) § 1543. It is difficult to see how any company could carry on an annuity business if the estate of an annuitant could rescind whenever it turned out that the condition of his health did not "warrant a reasonable expectation of life." Attempts have been made in other jurisdictions to rescind annuity contracts for the same or similar reasons, but so far as we are aware no such attempt has met with the slightest success. *Davis* v. *Equitable Life Assurance Society,* 280 N. Y. 656. *Woodworth* v. *Prudential Ins. Co.* 258 App. Div. (N. Y.) 103, affirmed 282 N. Y. 704. *Rishel* v. *Pacific Mutual Life Ins. Co.* 78 Fed. (2d) 881. *Rinn* v. *New York Life Ins. Co.* 89 Fed. (2d) 924. *Woodworth* v. *Connecticut Mutual Life Ins. Co.* 27 Fed. Sup. 732. *American State Bank* v. *National Life Ins. Co.* 297 Ill. App. 137. See 131 Am. L. R. 424, 441–442.

There is nothing in the contention that the contract was "unconscionable." *Curtis* v. *New York Life Ins. Co.* 217 Mass. 47, 52.

The decree must be reversed, and a decree must be entered dismissing the bill with costs.

*So ordered.*