**RALPH RICHARD CONSTR., INC.,**
**Plaintiff,**

**v.**

**STANDARD ACCIDENT INSURANCE**
**COMPANY, Defendant.**

**Civ. A. No. 63–675.**

United States District Court
D. Massachusetts.

Sept. 23, 1964.

I. O. Goverman, Boston, Mass., for plaintiff.

Robert J. Sherer, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a bill in equity removed from the Superior Court, Suffolk County, Commonwealth of Massachusetts, to this court upon the basis of diversity jurisdiction. Plaintiff is a corporation organized under the laws of Massachusetts. Defendant is a corporation organized under the laws of Michigan. The following facts appear from the pleadings and affidavits on file.

In 1960, the Department of Public Works, Commonwealth of Massachusetts, entered into a contract with one Salvucci for the construction of a section of state highway in the town of Tewksbury. The defendant, Standard Accident Insurance Company, as surety for Salvucci, executed and delivered to the Commonwealth a performance bond in the penal sum of $1,065,370.70. During the course of the work Salvucci abandoned

the contract and the Commonwealth called upon Standard to complete the work in accordance with its obligations as surety.

On April 10, 1961, Standard and plaintiff Ralph Richard Constr., Inc. entered into a written contract calling for the completion of Salvucci's work by Richard. The full text of this contract is appended as Exhibit B to the affidavit of Frederick W. Roche, Esq. submitted in support of motion for summary judgment filed by defendant. The contract provided in pertinent part that Richard agreed to complete Contract No. 8605 (Salvucci's contract with the Commonwealth) and to "furnish all labor, material, services, plant, insurance, and all other matters or things necessary or convenient in order to complete the said general contract fully and in strict accordance with its terms." The contract provided that Standard was to pay Richard $38,246.00 when certain conditions in the agreement were complied with and $7,500.00 more when all work called for by the contract was finally accepted by the Commonwealth. Standard agreed to assign to Richard all sums due or to become due under the general contract.

Richard on its part agreed (in Clause 7 of the contract, Exhibit B to affidavit of Frederick W. Roche) that "it has examined the general contract and the site of the work; that it has made itself aware of the work performed by Salvucci and the work remaining to be completed, including any corrective work required" by the Commonwealth; "that no representation, statement, warranty or agreement of any kind will be recognized by Standard except as set out in the agreement;" and that Richard would carry out the agreement "solely for the $45,-764.00 and the assignment."

An examination of the complaint filed herein, (with particular reference to paragraph 10 thereof), indicates that the theory on which plaintiff premises its right to recovery is the doctrine of mutual mistake of material fact. Defendant challenges plaintiff's right to recover on this theory by filing the af-

fidavit of Bruno Law, who was the manager of the Bond Department of Standard prior to and at the time of the execution of the contract between Richard and Standard, and the affidavit of Frederick W. Roche, Esq., counsel for Standard. The thrust of these two affidavits is to establish (1) that Messrs. Law and Roche were the only parties who acted for Standard in the negotiations which culminated in the contract, (2) that neither of them placed any reliance whatsoever on the accuracy of the records of the Department of Public Works, and (3) that consequently no reliance, mistaken or otherwise, on the accuracy of the figures of the Department of Public Works may properly be imputed to Standard. As a corollary thereto it follows that if there was any mistake on the part of Richard, acting through its Treasurer and Director, Nicholas J. Civitarese, the mistake or presupposition by Richard was unilateral, non-mutual, and not the type of mistake which would form a basis for rescission, restitution, or the granting of equitable relief. Aldrich v. Travelers Insurance Co., 317 Mass. 86, 56 N.E. 2d 888; Cavanagh v. Tyson, Weare & Marshall Co., 227 Mass. 437, 116 N.E. 818; Wright and Pierce v. Town of Wilmington, Mass., 290 F.2d 30, 32–33 (1 Cir. 1961). The affidavit of Civitarese filed in opposition to the motion for summary judgment does not create an issue of fact as to whether or not there was any reliance by Messrs. Roche and Law on the records of the Department of Public Works.

In summary, it is clear that in exchange for a promise of payment of $45,746.00, plus an assignment of all sums due or to become due from the Commonwealth under the general contract, Richard expressly assumed the burden of determining how much of the work had been performed by Salvucci and how much of the work remained to be completed. Having executed a contract after a period of negotiation which clearly and unambiguously places this risk upon Richard, Richard having received and receipted for the $45,746.00 has no

legal or equitable basis for complaint about being held to the terms of the contract.

The motion for summary judgment is allowed. Complaint dismissed.