**HARVEST QUEEN MILL & ELEVATOR COMPANY, Appellant,**

v.

**Joseph E. NEWMAN, Appellee.**

**No. 9323.**

United States Court of Appeals Tenth Circuit.

Dec. 26, 1967.

Rehearing Denied Feb. 9, 1968.

C. Robert Bell, Jr., Wichita, Kan. (Robert L. Driscoll, Wichita, Kan., on the brief), for appellant.

Arthur W. Skaer, Jr., Wichita, Kan. (William Tinker, Hugh P. Quinn, Alvin D. Herrington, Richard T. Foster, Lee H. Woodard, William A. Hensley, and William Tinker, Jr., Wichita, Kan., on the brief), for appellee.

Before MILLER,* BREITENSTEIN and SETH, Circuit Judges.

* Senior Judge of the District of Columbia Circuit, by Designation.

SETH, Circuit Judge:

Appellant, Harvest Queen Mill & Elevator Company, a Texas corporation, brought suit against appellee, Joseph E. Newman, in the United States District Court for the District of Kansas. Judgment was sought against appellee on three grounds: (1) to enforce against appellee as joint adventurer with Diversified Oil Investments, Inc. (hereinafter Diversified) a money judgment which appellant obtained against Diversified in the District Court of Dallas County, Texas, on September 20, 1962; (2) to enforce against appellee a contract dated October 5, 1959, entered into between appellee and Diversified on the ground that appellant was the third party beneficiary thereof; (3) to obtain a money judgment against appellee for defrauding appellant in an oil lease sale to it. All three grounds related to transactions concerning oil and gas leases in Oklahoma, referred to by the parties as the "Norman deal" or the "Norman transaction." Diversified had become bankrupt, and subsequent to filing its amended complaint, appellant was assigned all choses in action which Diversified or Diversified's trustee in bankruptcy had against appellee. Appellant thereafter sought to enforce the October 5, 1959, agreement between appellee and Diversified now as an assignee.

The District Court heard the matter without a jury and denied all relief to appellant on the ground that a release to appellee and Diversified of June 24, 1961, disposed of all of appellant's claims against appellee including those concerning the October 5, 1959, contract.

Appellant appeals on the ground that the District Court erred in concluding that this release of June 24, 1961, barred appellant's claim against appellee.

In 1959 the corporation known as Diversified was formed, and it acquired an interest in the Norman acreage. It interested appellee Newman in the tract, and he in turn negotiated with appellant with a view to its purchase of an interest in it. The purchase was made, and Diversified was paid the agreed price by appellant. In this transaction Diversified obligated itself to deliver to the appellant a certain number of leasehold acres to comprise the Norman tract.

Thereafter appellant became convinced that appellee had misrepresented to it the consideration he was receiving, and his acquisition costs to be reimbursed in connection with the Norman tract and in the previous dealings between the parties. Appellant's manager called a meeting with appellee and a representative of Diversified to discuss these overcharges. At the meeting appellee was accused of taking advantage of appellant in their dealings. An attorney for appellant advised appellee that legal action might be taken against him unless he surrendered to appellant his interest in all their prior mutual transactions. At this same meeting, an agreement was drawn between appellant and Diversified whereby Diversified obligated itself to pay appellant $120,000.00 because it had failed to deliver all of the leases comprising the Norman tract.

Later the same parties met in appellant's offices and executed assignments of oil and gas leases wherein Newman assigned to appellant all of his interest in all of their mutually owned properties except one, but including appellee's interest in the Norman leases. In addition to the assignments, a release was executed by Diversified, Newman, and Harvest Queen. By this release the appellant did "forever discharge, release and acquit" appellee from any and all claims or causes of action of whatever kind or character which appellant "may have now or hereafter have, arising out of any and all transactions heretofore entered into" between appellant and appellee "including, but not limited to, transactions involving * * * oil and gas properties * * * in Oklahoma." On the date of the release the Norman leases were the then only valid and subsisting leases the parties mutually owned in Oklahoma. The release, however, excepted "the rights, duties and obligations created by and stemming from that cer-

tain agreement entered into and effective the 6th day of June, 1961, between Diversified and Harvest Queen dealing with various oil and gas leases located in * * * Cleveland County, Oklahoma, being 320 acres more or less, which agreement is hereby ratified." This excepted agreement was the purchase agreement between the two for the Norman acreage.

Subsequently appellant brought suit against Diversified on the June 6, 1961, contract and recovered a default judgment. When attempting to collect this judgment, appellant first learned that appellee was obligated to contribute to Diversified if it was required to refund leasehold acquisition costs for a failure to obtain all of the acreage in the Norman leases.

Diversified was adjudicated a bankrupt and the trustee sold to appellant Diversified's chose in action against appellee based on his agreement to contribute if there was a shortage in acreage.

The District Court found that the release executed by the parties upon appellee's assignment of interests to appellant was valid and was executed by the parties to this action to dispose of all of their claims and demands against each other. The court found that it constituted a compromise and settlement of a dispute which existed between them, and the agreement was clear and unambiguous.

■ Under Kansas law, the effect of a release or discharge of the parties with respect to liability is to be determined by the intention of the parties as manifested by the instrument. St. Paul Mercury Indemnity Co. v. United States, 201 F.2d 57 (10th Cir. 1952). Appellee Newman here contends that the parties to the action intended to and did resolve and settle all rights, claims and causes of action, known and unknown, present or future, arising generally out of the transaction involving the Norman tract.

■ The language of the release considered alone is broad enough to cover all demands or rights whether or not the various demands or claims were discussed or mentioned when the release was signed, and whether or not a possible future claim was known. Houston v. Trower, 297 F. 558 (8th Cir. 1924). However, this broad language was qualified to exclude the rights, duties, and obligations created by and stemming from the June 6, 1961, basic sales agreement between Diversified and appellant dealing with the Norman transactions. The release also expressly did not release any claim or cause of action which Diversified might have against appellee or which appellee might have against Diversified. The parties thus clearly intended to keep alive those rights and obligations stemming from Diversified's failure to deliver all of the leases comprising the Norman transaction as it had agreed. The parties also intended to keep alive all rights, if any, that existed by virtue of the October 5, 1959, agreement between Diversified and appellee relating among other things to appellee's obligation to contribute if there was an acreage shortage. Thus in the release appellant preserved its rights against Diversified for the shortage in acreage, and as between appellee and Diversified, Diversified preserved its rights for contribution against appellee. Appellant was assigned Diversified's cause of action against appellee by the trustee, and thus could bring this cause of action on it.

The trial court is reversed only as to its holding that the release disposed of the claims and demands between the parties here in contention. Thus the several other issues remain to be considered on remand.

Reversed and remanded.